# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00515-CV

---

### A. B., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-23-000648, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A.B. ("Mother") appeals from the trial court's order terminating her parental rights to her two sons L.B. and K.B. and her daughter A.J.[1]  After a bench trial, the trial court rendered judgment finding by clear and convincing evidence that Mother failed to comply with the provisions of a court order setting out the actions necessary for her to obtain the return of her children and that termination was in the children's best interest.  *See* Tex. Fam. Code § 161.001(b)(1)(O), (b)(2).

Mother's court-appointed counsel has filed a brief concluding that the appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*,

---

[1] For the children's privacy, we will refer to them by their initials and to their family members by their relationships to the children.  *See* Tex. R. App. P. 9.8.  The parental rights of the children's fathers also were terminated, but the fathers have not challenged those rulings and are not part of this appeal.

520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). Mother's counsel has certified to this Court that she has provided Mother with a copy of the *Anders* brief and a copy of the entire appellate record and informed Mother of her right to file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, waiving its right to file an appellee's brief. To date, Mother has not filed a pro se brief.

We have conducted a full examination of all the proceedings to determine whether the appeal is wholly frivolous, as we must when presented with an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record and the *Anders* brief, we find nothing in the record that would arguably support Mother's appeal. We agree with Mother's counsel that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating Mother's parental rights.[2]

---

[2] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsel's obligations to Mother have not yet been discharged. *See id.* If after consulting with counsel Mother desires to file a petition for review, her counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 28.

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Theofanis

Affirmed

Filed:   October 24, 2024